IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BRYANT DALE VOSS,<br><br>　　　　　Defendant. | Case No. 4:19-cr-193<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant Bryant Dale Voss, pled guilty to possession of child pornography during a dark period in his life. He now faces sentencing.

The parties agree that Mr. Voss's advisory guideline range is 97 to 120 months' imprisonment (based on a total offense level 30, criminal history category I). His offense carries no mandatory minimum term of imprisonment, and a ten-year statutory maximum term of imprisonment. Following his term of imprisonment, Mr. Voss will be on supervised release for at least sixty months and will be required to register as a sex offender.

The core question for resolution at sentencing is the appropriate sentence to impose based on 18 U.S.C. § 3553(a). The Court will additionally have to decide whether to order Mr. Voss to self-surrender into BOP custody, and whether Mr. Voss is indigent under 18 U.S.C. § 3014.

## I.　EXHIBITS AND WITNESSES

Mr. Voss will offer letters of support for the Court's consideration. He does not intend to call any witnesses.

II.  **ARGUMENT**

    A.  <u>A sentence well below the advisory guideline range is sufficient in light of the statutory sentencing factors.</u>

The Court should conclude that a sentence of imprisonment below the advisory guideline range will adequately account for the factors in 18 U.S.C. § 3553(a).  Briefly stated, the factors relating to Mr. Voss's history and characteristics that support a downward variance include the following:  his good character, robust support system, excellent work history, lack of previous imprisonment, and remorse for the instant offense.

*Nature and Circumstances of the Offense.*  Mr. Voss acknowledges that he committed a serious child pornography offense.  In several ways, the nature and circumstances of Mr. Voss's offense are similar to many federal child pornography cases.  Law enforcement began investigating Mr. Voss after using undercover law enforcement accounts on file-sharing programs to download known child pornography files from an IP address later identified as Mr. Voss's.  Pursuant to a search warrant, police seized and searched various electronic media from Mr. Voss's home.  On an external hard drive and laptop computer, law enforcement located evidence indicating that a significant volume of child pornography files had previously been contained on the devices—some of which were particularly disturbing.  There is no suggestion that Mr. Voss ever produced any child pornography or personally abused any child.  Although the facts underlying the offense include some aggravating factors, including the number of files and content of files, Mr. Voss's history and characteristics present mitigating factors.

*Lack of Criminal History and Previous Incarceration.*  Mr. Voss, age 33, has no criminal history beyond a minor possession of alcohol offense from age 20.  Although child pornography offenders are the "least likely of any major group of federal offenders to have had a previous

conviction," 48.2% do have a previous criminal conviction of some sort.[1] In fact, 26.4% of child pornography offenders have a previous conviction for a rape offense.[2] By contrast, Mr. Voss's meager history with law enforcement does not engender cause for concern.

Relatedly, Mr. Voss has never before been incarcerated. Accordingly, a prison sentence of any length will likely have a greater impact on his future behavior than it would for other offenders.[3]

*Work Ethic.* Mr. Voss additionally has an exemplary work history. For nearly ten years, he worked as a 9-1-1 dispatcher. He was eventually promoted to a supervisory role. Throughout the bulk of his time on pretrial release, he's maintained steady employment. His father described this work ethic as starting in Mr. Voss's youth: "[A]t 16, he started working at the local grocery store, involved in boy scouts, at school in band, played the tuba, choir, school plays and musicals[.]"[4]

*Mental Health.* Mr. Voss suffered from depression and anxiety both before and during the commission of his offense. He contemplated suicide on two occasions. In the past, he turned to unhealthy coping mechanisms in a futile attempt to repress his mental-health issues.

But in his time on pretrial release, Mr. Voss has made extraordinary progress toward addressing these concerns. In addition to the biweekly individual therapy sessions he attends as a condition of his release, since the month following his arrest he has been attending therapy and

---

[1] U.S. Sentencing Comm'n, *The Criminal History of Federal Offenders* 6 (May 2018), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2018/20180517_criminal-history.pdf.
[2] *Id.*
[3] *See United States v. Baker*, 445 F.3d 987, 990 (7th Cir. 2006) (affirming downward variance based, in part, on lack of previous incarceration).
[4] Exhibit A-2.

sex-offender treatment once every three weeks.[5] Around the same time, he also began attending Sex Addicts Anonymous meetings.[6] Since he began this endeavor, he hasn't missed a single week's meeting. He's progressed to step six of the twelve-step program.[7] His sponsor described Mr. Voss's growth in the last year, commending his honesty throughout the process.[8] Mr. Voss has demonstrated a remarkable commitment to addressing the issues that led to his commission of the instant offense and to ensuring it does not happen again in the future.

*Support System.* At the outset of this case, Mr. Voss was terrified and convinced that his family and friends would abandon him because of the choices he'd made. Mr. Voss anticipated they would feel as disgusted with him as he felt with himself. But instead, his family and friends showed him love and support, and committed to helping him along the road to recovery in any manner they are able. The leader of Mr. Voss's weekly bible study best summarizes the vital nature of Mr. Voss's support system: "One of the most important things any of us need to do in order to effect positive changes in our lives is to have a community of people around us that know our issues and will hold us accountable to the changes we want to make. From his parents, to Valley Church, to his counseling and support groups, to the bible study and his individual friends he is surrounding himself with, they all make up a community of people who love him and want him to succeed."[9] With a robust and committed support system, Mr. Voss is well-positioned to succeed in the future.

---

[5] PSR ¶¶ 69–69a.
[6] PSR ¶ 70.
[7] Mr. Voss has progressed since the drafting of the PSR. *See* PSR ¶ 70. For a summary of the twelve steps, see SAA, *The Twelve Steps* (last visited Dec. 1, 2020), https://saa-recovery.org/our-program/the-twelve-steps/.
[8] Exhibit A-8.
[9] Exhibit A-7.

*COVID-19.* Additionally, Mr. Voss asks the Court to take into account the ongoing novel coronavirus (COVID-19) pandemic in fashioning the appropriate sentence in this case. Courts have recognized that the risk of COVID-19 to incarcerated persons is "significantly higher than in the community, both in terms of risk of transmission, exposure, and harm to individuals who become infected."[10] As of December 1, the BOP is reporting 4,677 federal inmates and 1,422 BOP staff currently infected with COVID-19.[11] In total, 25,487 inmates have been infected while in BOP custody, along with 3,408 staff.[12] 145 federal inmates have lost their lives to the virus.[13] Because of the pandemic, in BOP facilities, visitation is restricted, movements are limited, and access to programming is greatly reduced if not completely on hold. While prudent measures likely founded in the name of protecting both individuals in custody and staff, the measures no doubt present significant hardship to those sentenced to a term of imprisonment throughout this pandemic. Mr. Voss asks the Court to take these conditions into account when fashioning the appropriate sentence.[14]

---

[10] *See, e.g.*, *Basank v. Decker*, 449 F. Supp. 3d 205, 211 (S.D.N.Y. 2020).
[11] Federal Bureau of Prisons, *COVID-19*, https://www.bop.gov/coronavirus/ (updated daily, last visited Dec. 1, 2020).
[12] *Id.* The inmate total includes the 4,677 federal inmates presently infected, plus 20,665 reportedly recovered, along with 145 inmate deaths. *Id.* With regard to the staff, the total includes the BOP report of 1,422 staff presently infected, along with 1,984 recovered, and 2 deaths. *Id.*
[13] *Id.*
[14] *See United States v. Mateo*, 299 F. Supp. 201, 211 (S.D.N.Y. 2004) ("The concept of what is 'just punishment' thus contemplates a prospective, empirical assessment, necessarily imprecise, of the accumulation of reasonably foreseeable, ordinary hardships and suffering that any given offender is likely to experience in the typical case during the course of a particular range of imprisonment. Accordingly, insofar as the incarceration of a particular offender imposes terms and conditions that expand the reach of consequences ordinarily associated with confinement substantially beyond the zone of what is to be reasonably foreseeable and 'to be expected,' *Koon* [*v. United States*], 518 U.S. [81,] 110 [(1996)], in the typical case, the corresponding sentence is likely to work excessive hardships and exact a toll of suffering 'of a kind, or to a degree,' 18 U.S.C. § 3553(b), that, if not otherwise mitigated, would inflict upon the particular individual a magnitude of punishment effectively disproportionate to that meted out to offenders in the

*Post-Incarceration Supervision.* Further, in deciding on the length of Mr. Voss's prison term, the Court should also consider that he must also serve at least a five-year term of supervised release. The conditions for sex offenders are particularly stringent.[15] He will likewise be required to register as a sex offender. If he violates any condition of supervision, the Court could send him back to prison.

*Remorse and Acceptance of Responsibility.* Finally and most importantly of all, Mr. Voss wholeheartedly accepts responsibility for his wrongs, and feels profound remorse for his actions. Not a day passes without Mr. Voss thinking of the harm he caused to others in his commission of this offense— both the individuals who were victimized in the making of child pornography, their revictimization through his consumption, and his family and friends, whom he let down. In the darkest time of his life, he turned to something he'd lost for quite some time: His faith. His faith has been the guiding light through the most dark and difficult points in his life, and he possesses a commitment to continuing his religious practices in recognition of the integral role his faith has played in his journey toward recovery thus far. Pastor Lundeen's letter offered in support of Mr. Voss aptly describes Mr. Voss's steps: "It has been clear to me that Bryant has taken full responsibility for his actions and is seeking all the avenues that he can to rid himself of this habit/sin/crime. This includes regular visits with me as a pastor/counselor, a therapist, SAA [Sex Addicts Anonymous] meetings, an accountability group, as well as self study. In my circle, we refer to this as 'repentance.'"[16] Mr. Voss's acceptance of responsibility and sincere remorse

---

ordinary case. To that extent, that penalty may exceed what is necessary to serve the prescribed purposes of sentencing.").
[15] *See, e.g.*, PSR ¶¶ 122–31.
[16] Exhibit A-4.

6

for his actions evidences his "respect for the law," and the deterrence already in action within him. This, in turn, suggests that a lengthy sentence is unnecessary to protect the public.[17]

    B. <u>Assuming the Court sentences Mr. Voss to a term of imprisonment, Mr. Voss asks the Court to order him to self-surrender to the designated BOP facility.</u>

To the extent the Court imposes a term of incarceration, Mr. Voss requests the Court order him to direct report to his designated BOP facility. Mr. Voss has been on pretrial release, with no violations, since October 29, 2019. Self-surrender would help alleviate possible overcrowding in the Polk County Jail in light of the backlog of defendants awaiting transfer to BOP, thus lightening the load on correctional staff and USMS. Accordingly, Mr. Voss requests the Court order him to direct report to his designated BOP facility at the designated time.

    C. <u>Mr. Voss is indigent under 18 U.S.C. § 3014.</u>

The Justice for Victims of Trafficking Act requires the Court to impose, on non-indigent persons convicted of certain offenses (including Mr. Voss's), a $5,000 special assessment. "Section 3014 expressly limits its special assessment to 'non-indigent' persons." *United States v. Kelley*, 861 F.3d 790, 799 (8th Cir. 2017). Mr. Voss has a net worth of negative $14,351.23, and he faces a lengthy term of imprisonment, during which his ability to earn income will be severely limited. He will have significant financial obligations waiting for him on his release from imprisonment, and will be tasked with rebuilding his life from the ground up. *See id.* at 801 ("[W]e think that in the context of § 3014 indigence determinations, an analysis of both a defendant's current financial situation and his ability to pay in the future is appropriate in

---

[17] *See United States v. Casteel*, ___ F. Supp. 3d ___, ___ 2020 WL 5229111, at *(S.D. Iowa Sept. 2, 2020) ("If one has not come to terms with his past wrongs, it follows he may be more likely to repeat those wrongs than someone who has." (citing June P. Tangey et. al, *Two Faces of Shame: The Roles of Shame and Guilt in Predicting Recidivism*, 25 Psychol. Sci. 799 (2014) ("Inmates prone to feelings of guilt about specific behaviors are less likely to subsequently reoffend than their less guilt-prone peers."))).

7

determining his 'non-indigent' status.") Given his present financial status, and his financial status in the foreseeable future, the Court should find him indigent under 18 U.S.C. § 3014.

### III. CONCLUSION

For the foregoing reasons, the Court should vary downward to fashion a prison sentence that is sufficient, but not greater than necessary, to address the factors articulated in 18 U.S.C. § 3553(a).

Respectfully submitted,

 */s/ Mackenzi J. Nash*
Mackenzi J. Nash, Asst. Federal Defender
FEDERAL PUBLIC DEFENDER'S OFFICE
400 Locust Street, Suite 340
Des Moines, Iowa 50309-2353
PHONE: (515) 309-9610
FAX: (515) 309-9625
E-MAIL: mackenzi_nash@fd.org
ATTORNEY FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2020, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

 */s/Mindy Guynn*